IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| RONNIE ANDERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-745-A |
| | § | |
| AMERITEX GUARD SECURITY | § | |
| SERVICES, ET AL., | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Came on for consideration the motions for summary judgment filed by defendants[1] Ameritex Guard Security Service ("Ameritex") and City of Fort Worth ("City"),[2] as to all claims filed against them by plaintiff, Ronnie Anderson.  Plaintiff filed a response and a "cross-response," and neither defendant filed a reply. Having considered the motions, plaintiff's response and cross-response, the summary judgment record, and pertinent legal authorities, the court concludes that the motions should be granted.  The court further concludes that dismissal is warranted as to all claims plaintiff may have asserted against defendant I. Iwuji ("Iwuji").

---

[1] Plaintiff also named as a defendant I. Iwuji, an individual employed by defendant Ameritex Guard Security Service. Iwuji did not file a motion for summary judgment.

[2] Plaintiff originally named as defendant the Fort Worth Police Department. By order signed January 6, 2009, the court substituted City as the proper defendant.

I.

Plaintiff's Claims

Plaintiff initiated this action through the filing of his original complaint on December 17, 2008, alleging:

> On 12-06-08, at 2245 hrs., plaintiff's U.S. 4th amend. rights were violated by Ameritex Guard Security Service employee "Iwuji, I., when he made a false statement to Fort Worth Police Department Officer D. Campbell "that plaintiff was the one fighting outside on sidewalk of Hunter Plaza bus stop at Housing Authority apartments, funded by the U.S. Housing, HUD causing plaintiff to be placed in city jail (12) hours without probable cause no evidence of a fight or alcohol-test as requested by plaintiff due process rights--due to retaliation and slander or defamation on the part of Mr. Iwuji, I., employee of Ameritex Guard Service. Whereas Hunter Plaza security video camera will show plaintiff entering elevators after call was made to 911 or Fort Worth Police Department about a fight.

Compl. at 1. By order signed June 3, 2009, the court ordered plaintiff to file an amended complaint that alleged with particularity his right to recover against Ameritex. In response, plaintiff filed a document titled "Plaintiff's Amended More Definite Statement," wherein he further alleged:[3]

> On December 6th about 10:30 pm "I" plaintiff woke up after being asleep since about 5 or 6 pm that evening and was leaving the building to go get me something to eat at Taco Bell...But as I plaintiff was walking out front door to building two 2 police cars were pulling-up. Officer Campbell got out and told me "plaintiff"

---

[3] As the Amended More Definite Statement was the first such document filed by plaintiff, it is unclear why it is titled an "amended" statement.

2

to come here "which I did" Officer Campbell asked me if I had been fighting, I said no sir "I just woke-up and was going to get something to eat." He Officer Campbell then ask had I been drinking, I said no I've [] been sleep and just walked out the door. The officer told me to turn around and placed "hand-cuffs-me" and placed me in police car...That's when the defendant "Iwuji" walked out to Officer Campbell's side of the police-car and told him "I was the one fighting" the plaintiff.

When Officer Campbell started the police-car plaintiff asked him where I was going "He said I was under arrest for public-intoxication...I plaintiff told the officer to give me a field-test and plaintiff asked the officer "do I look like am dronk [sic], a test will show I've not been drinking--but the officer stated that they don't give field-test in "circumstances" like this, "public-intoxications."

Plaintiff do believe Officer Campbell just wanted to re-move plaintiff from--what-ever kind of fight was going-on out there due to what defendant "Iwuji" said.

Pl.'s Am. More Definite Statement at 1-2 (ellipses in original).

In the Amended More Definite Statement plaintiff requests

punitive damages from Ameritex "for 12 hours of 4th U.S. Const.

Amend violation" and also states that he seeks no money damages

from City, "only arrest policy changed, when asked for alcohol-

test." Id. at 2.

II.

The Motion for Summary Judgment

Ameritex contends that it is entitled to summary judgment on

the following grounds: (1) because plaintiff failed to respond to

3

its requests for admission, they are deemed admitted, and the deemed admissions support summary judgment on all of plaintiff's claims; (2) plaintiff has failed to clearly state a claim against it that would afford him relief; (3) plaintiff's claim that Ameritex violated his Fourth Amendment rights fails because it is not the government and cannot infringe on such rights; and (4) to the extent plaintiff alleges claims against it based on any intentionally tortious conduct of its employee, Iwuji, Ameritex cannot be held liable for such conduct.

City claims it is entitled to summary judgment because (1) no violation of plaintiff's Fourth Amendment rights occurred because probable cause existed to detain him; (2) plaintiff cannot demonstrate that City had a policy or custom that caused a deprivation of his federal constitutional rights; and (3) its training policy is adequate.

III.

Statement of Facts

The parties dispute some of the relevant facts. City offers in support of its version of the events the affidavit of Officer Douglas Campbell ("Campbell"), the officer who arrested plaintiff on December 6, 2008. Although plaintiff in his response disputes City's factual allegations he does not support his response with

an affidavit or other summary judgment evidence. However, attached to plaintiff's Amended More Definite Statement is a page titled "Sworn Affidavit" in which plaintiff swears under penalty of perjury that the document is true and correct. Although accepting as true plaintiff's version of events as set forth in the Amended More Definite Statement, Forsyth, 19 F.3d at 1533, the court nevertheless concludes summary judgment is warranted as to his claims against each defendant.

On the night of December 6, 2008, Campbell was called to the Hunter Plaza Apartments in response to a call of a fight. Plaintiff claims that he was walking out of the front door of the apartment, on his way to get something to eat, when the officers arrived, and that he answered "no" when asked by Campbell if he had been drinking.

Ameritex is a private security company that provided security services to the Hunter Plaza Apartments. Iwuji, employed at that time by Ameritex, made a comment to Campbell about plaintiff. Specifically, plaintiff claims that Iwuji told the officers that plaintiff was involved in the fight. At some point on the night of December 6, 2008, Campbell placed plaintiff under arrest for public intoxication.

IV.

Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. Anderson, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 248, 256. To meet this burden, the nonmovant must

"identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

V.

Analysis

A. Plaintiff's Claims Against Ameritex

Plaintiff's only claim against Ameritex appears to be that it violated his Fourth Amendment rights when its employee, Iwuji, told Campbell that plaintiff had been fighting. Plaintiff apparently seeks to hold Ameritex liable for what he contends were twelve hours of unlawful incarceration due to the actions of Iwuji. Although Ameritex asserts multiple grounds for seeking summary judgment, the court need look no further than Ameritex's contention that it cannot be held liable for Fourth Amendment violations pursuant to 42 U.S.C. § 1983.

To bring an action pursuant to § 1983, plaintiff "must allege facts tending to show (1) that he has been deprived of a

right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law." Bass v. Parkwood Hosp., 180 F.3d 234, 241 (5th Cir. 1999) (internal quotation marks and citation omitted). It is only when the government is responsible for an alleged deprivation that constitutional rights are implicated. Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001).

"Private action may be deemed state action, for purposes of section 1983, only where the challenged conduct may be fairly attributable to the State." Id. (internal citations omitted). Ameritex, a private security company, is not a "person acting under color of state law" for purposes of § 1983, nor has plaintiff alleged any facts or offered any summary judgment evidence to demonstrate that any of its conduct could be "fairly attributable to the State." Accordingly, summary judgment is appropriate as to Ameritex.

B.  Plaintiff's Claims Against City

Plaintiff at most appears to be asserting a claim of false arrest or a violation of due process against City. Such claims could only be brought against City pursuant to 42 U.S.C. § 1983. In his Amended More Definite Statement, plaintiff expressly

states that he "wants (no) money-damages from [City]--only arrest policy changed, when asked for alcohol-test." Am. More Definite Statement at 3.

A municipality may be held liable under § 1983 for the deprivation of rights guaranteed by the Constitution or federal law only if the deprivation was the result of an official policy or custom. Monell v. Dep't of Soc. Serv. of New York, 436 U.S. 658, 694 (1978). Stated differently, "official policy must be the moving force of the constitutional violation in order to establish the liability of a government body under § 1983." Polk County v. Dodson, 454 U.S. 312, 326 (1981) (internal quotation marks and citations omitted). Further, the "inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989).

Thus, to prevail against City under § 1983, plaintiff must offer "proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001) (internal citations omitted). A plaintiff must identify the policy, connect the policy to the

governmental entity itself and show that his injury was incurred because of the application of that specific policy. <u>Bennett v. City of Slidell</u>, 728 F.2d 762, 767 (5th Cir. 1984). Liability must rest on official policy, meaning the governmental entity's policy, and not the policy of an individual official. <u>Id.</u> at 769. It is insufficient to allege that an employee of the municipality, such as Campbell, has acted unlawfully, as "a municipality cannot be held liable <u>solely</u> because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under § 1983 on a <u>respondeat</u> <u>superior</u> theory." <u>Monell</u>, 436 U.S. at 691 (emphasis in original).

As City points out, plaintiff has not alleged that any of its written policies resulted in an alleged violation of his constitutional rights. The opposite is true, as evidence offered by City demonstrates that it maintains written policies governing when an officer may make a lawful arrest and prohibiting false arrest or imprisonment. While plaintiff appears to complain that he was not given a breath test for alcohol upon his request, he offers no summary judgment evidence of any City policy on that subject or even that such a refusal amounts to a constitutional violation. Nor has plaintiff identified any policymaker, or directed the court to any summary judgment evidence showing a

custom or practice of City that was the "moving force" behind any deprivation of a constitutional right. At most, plaintiff may have alleged an isolated incident by Campbell; however, "[a]llegations of an isolated incident are not sufficient to show the existence of a custom or policy" on which to establish City's liability. Fraire v. City of Arlington, 957 F.2d 1268, 1278 (5th Cir. 1992).

As plaintiff has neither alleged nor provided summary judgment evidence of any City custom or policy that resulted in a violation of his rights, summary judgment is appropriate on all of plaintiff's claims against City.

C.   Plaintiff's Claims Against Iwuji

Iwuji did not file a motion for summary judgment or other dispositive motion. Nevertheless, a review of plaintiff's complaint and Amended More Definite Statement leads the court to conclude that plaintiff has failed to allege any facts sufficient to state a claim against Iwuji. As explained in section V.A., supra, Iwuji is not an individual "acting under color of state law" for purposes of § 1983, thus plaintiff cannot bring claims against Iwuji for any alleged violation of his Fourth Amendment rights. This is true even if, as plaintiff alleges, Iwuji's statement that plaintiff "was the one fighting" was the catalyst

that caused Campbell to place him under arrest. Plaintiff is required to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). He has not done so as to Iwuji.

The court recognizes the general principal that a party should be afforded notice and an opportunity to respond prior to the sua sponte dismissal of his or her claims. In the instant action, plaintiff's claims as to Iwuji remained the same from the original complaint through the Amended More Definite Statement. The court can see nothing to be gained by allowing plaintiff an opportunity to further respond as to Iwuji.

As plaintiff has failed to allege anything that would state a cause of action against Iwuji, the court is ordering the dismissal of any claims plaintiff purports to assert against him.

VI.

Order

Therefore,

For the reasons stated herein,

The court ORDERS that the motions for summary judgment of Ameritex and City be, and are hereby, granted, and that all claims and causes of action asserted by plaintiff, Ronnie Anderson, against Ameritex, City, and Iwuji be, and are hereby,

dismissed with prejudice.

The court further ORDERS that all other motions filed by plaintiff in the above-captioned action not previously ruled upon be, and are hereby, denied as moot.

SIGNED February 1, 2010.

_____
JOHN McBRYDE
United States District Judge